**UNITED STATES COURT OF  APPEALS**

**FOR THE FIFTH CIRCUIT**

---

NO. 97-20280
Summary Calendar

---

LANA RYAN DAVIS, ET AL.,

LANA RYAN DAVIS,

Plaintiff-Appellant-Cross-Appellee

VERSUS

BOBBIE G. BAYLESS; BAYLESS & STOKES,

Defendants-Appellees-Cross-Appellants,

BURTA RHOADS RABORN,

Defendant-Appellant.

---

Appeals from the United States District Court
For the Southern District of Texas
(H-94-CV-444)

---

July 17, 1998

Before JOLLY, BENAVIDES and PARKER, Circuit Judges.

PER CURIAM:[*]

**I.**

Lana and Lori Davis filed this civil rights action claiming

that Burta Raborn and Bobbie G. Bayless and the law firm of Bayless

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

& Stokes (collectively referred to hereinafter as "Bayless") violated their constitutional rights under color of state law, while conducting a search of their residence for the non-exempt assets of Dr. Gerald Johnson.[2]  Dr. Johnson was residing at the Davis home at the time and consented to a limited search.  Bayless represented Mr. and Mrs. Earl Newsome, who were the beneficiaries of an $11,360,000 malpractice judgment against Dr. Johnson.  Raborn was the court-appointed receiver of Dr. Johnson's non-exempt assets and had been using Bayless to perform various functions of the receivership.  Bayless actually conducted the search at the Davis home, as Raborn was not present.

Raborn has since been properly relieved of liability, because she enjoyed derivative, judicial immunity.  *See Davis I*, 70 F.3d at 374.  The district court refused to grant summary judgment for Bayless on the basis of immunity, but *sua sponte* granted summary judgment for her on the grounds that she did not act under color of law.  The Davises appealed the *sua sponte* summary judgment and Bayless cross-appealed the denial of her motion for summary judgment based on derivative, judicial immunity.

We need not reach the question of Bayless's immunity or whether she acted under color of state law, because, in any event, no constitutional violation occurred.  Bayless conducted the search with consent.  To the extent that Bayless may have exceeded the

---

[2]For a complete exposition of the facts at the center of this controversy, see this Court's first opinion in this matter, *Davis v. Bayless*, 70 F.3d 367 (5th Cir. 1995).

scope of that consent, any resulting constitutional violation was so small as not to make out a federal case.  Therefore, on this alternative basis, we affirm.

AFFIRMED.